UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wells Fargo Bank, N.A., its assignees and/or successors,<br><br>                                Plaintiff,<br><br>v.<br><br>Maribel Preciado; Ismael Rodriguez; and DOES 1-10 inclusive,<br><br>                                Defendants. | Case No.: 19-cv-01257-AJB-LL<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR REMAND;**<br><br>**(2) DENYING DEFENDANT'S REQUEST TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(3) FORBIDDING DEFENDANT FROM REMOVING THIS ACTION**<br><br>(Doc. Nos. 3, 6.) |

Presently before the Court are Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") motion to remand, (Doc. No. 6), and Defendant's request to proceed in forma pauperis, (Doc. No. 3). For the reasons herein, the Court **GRANTS** Plaintiff's motion, **DENIES** Defendant's request to proceed in forma pauperis as moot, and **REMANDS** this action to the San Diego Superior Court.

### I. DISCUSSION

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. §1441. However, the removing party "always has the burden of

establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction. Thus, doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Pursuant to 28 U.S.C. § 1446, a defendant must remove the action within thirty days of receiving service of the summons and complaint. Here, the summons and complaint were served on October 24 and October 25, 2018. (Doc. No. 6-2 at 5.) The removal was not filed until July 9, 2019. (Doc. No. 1.) This is over eight months after the service of summons and complaint. Therefore, the removal is untimely.

Furthermore, "[f]ederal jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Here, as the Court has previously held, there is no federal question jurisdiction because the unlawful detainer complaint invokes California law. (*See generally* Doc. No. 1-3.) The complaint filed in state court solely concerns an unlawful detainer action under California law and, thus, presents no federal question. *See Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."); *see also Sage Home Mortg., LLC v. Roohan*, No.: 17-cv-1409-AJB-JMA, 2017 U.S. Dist. LEXIS 118119, at *4–5 (S.D. Cal. July 27, 2017) (holding federal jurisdiction does not exist when a complaint alleges a single claim for unlawful detainer which is a California state law cause of action). Accordingly, federal

question jurisdiction does not exist.

Diversity jurisdiction is generally prohibited if any defendant is a citizen of the state where the action is brought. 28 U.S.C. § 1441(b)(2). As the Court has previously held, diversity jurisdiction also fails to provide this Court with jurisdiction because at least one Defendant resides in California. (*See* Doc. No. 1-3 at 2.) Thus, this Court does not have subject matter jurisdiction on diversity grounds.

Defendant also argues that removal is proper under 28 U.S.C. § 1443 because the prosecution of the unlawful detainer action in state court has violated his civil rights. The Ninth Circuit held:

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval,* 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006). Here, Defendant fails to satisfy either part of this test. Defendant has not identified a state law preventing him from raising his federal claims in state court nor has he shown the basis for an equally firm prediction that he will be unable to protect his federal rights in state court. Accordingly, removal is improper under 28 U.S.C. § 1443.

This Court does not have jurisdiction and accordingly, this Court **GRANTS** Plaintiff's motion to remand and **DENIES** Defendant's IFP motion as moot.

## II. CONCLUSION

Because Defendants cannot establish this Court has jurisdiction, removal was improper. The Court **GRANTS** Plaintiff's motion for remand, **DENIES** Defendant's request to proceed in forma pauperis as moot, and **REMANDS** this action to San Diego

Superior Court. This is the second time that Defendant has sought removal of Plaintiff's action. The first case, 19-cv-00361-AJB-LL, was remanded on the same basis as the current case. Based on this history, Defendant is **ORDERED** not to remove or attempt to remove this action again. If he does, he will be subject to sanctions, including Plaintiff's attorney fees, or contempt proceedings.

**IT IS SO ORDERED.**

Dated: December 3, 2019

*/s/ Battaglia*
Hon. Anthony J. Battaglia
United States District Judge